UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNATHON RODEN,

       Plaintiff

v.

MICHELLE FLOYD, *et al.*,

       Defendants.

_____/

Case No. 2:16-CV-11208
District Judge Victoria Roberts
Magistrate Judge Anthony P. Patti

## **ORDER GRANTING AS UNOPPOSED IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DEPOSE NON-PARTY WITNESSES (DE 27)**

Pending is *pro* se, incarcerated Plaintiff's motion to depose non-party witnesses. (DE 27.) For the following reasons, the motion will be **GRANTED AS UNOPPOSED** in part and **DENIED** in part.

**A. Background**

Plaintiff filed this action in the United States District Court for the Western District of Michigan in March 2016; it was transferred to this Court in April 2016. (DE 1, 4.) The gist of the Complaint is Plaintiff's contention that Defendants, all of whom are employees of the Michigan Department of Corrections, retaliated against Plaintiff and transferred him to a different correctional facility due to grievances Plaintiff filed regarding the educational programs at the G. Robert Cotton Correctional Facility ("JCF"), where Plaintiff was formerly housed.

In lieu of an answer, on September 14, 2016, Defendants filed a motion for summary judgment. (DE 19.) According to the motion, Defendant was transferred because of his "infatuation" with JCF staff members and "sexual fantasies involving a female staff member associated with the Jackson College classes . . . ." (DE 19 at 28.) Defendants argue: a) Plaintiff failed to exhaust his administrative remedies; b) Plaintiff has not shown that Defendant Haynes-Love was personally involved in the transfer of Plaintiff; c) Plaintiff has not shown that the transfer was a materially adverse action which violates his constitutional rights; and d) Defendants are entitled to qualified immunity.

On October 26, 2016, Judge Roberts referred the motion for summary judgment, as well as all other pretrial matters, to me. (DE 23.) In Plaintiff's November 4, 2016 response to the motion for summary judgment he provides a substantive response to the allegation that he failed to exhaust his administrative remedies, but asserts that he needs discovery to respond to Defendants' remaining arguments. (DE 24.)[1] Specifically, Plaintiff attached an affidavit to his response averring that to properly respond he first needs to submit interrogatories and other discovery requests to Defendants, and to depose three non-party witnesses: Dr. David Clark, a teacher in the JCF's education program, who Plaintiff states will testify that he was instructed to terminate Plaintiff from the education program, a

---

[1] Peculiarly, Plaintiff filed what appears to be an identical, or nearly identical, response to the motion for summary judgment on October 4, 2016. (DE 22.)

2

termination which precipitated Plaintiff's transfer; Martinez Moore, a JCF prisoner, who Plaintiff states will testify that he saw a confrontation between Defendant Floyd and Plaintiff after which Moore processed a memorandum from Floyd mandating Plaintiff's termination from his position as a tutor (a memorandum Plaintiff ostensibly has not been otherwise able to locate); and Kevin Rose, a prison educational program director, who Plaintiff asserts will testify that Plaintiff was not suspected of inappropriate sexual conduct towards educational staff.  (DE 24 at 14-15.)

Defendants filed a response to the affidavit, arguing it was insufficient to necessitate further discovery because Plaintiff should have already taken discovery if he truly needs it, and he has not shown what evidence he hopes to uncover in discovery.  (DE 25.)  Plaintiff filed a reply, again stressing his need to take discovery before responding to the motion for summary judgment.  (DE 26.)

On December 16, 2016, Plaintiff filed the pending motion to depose non-party witnesses.  (DE 27.)  In that motion, Plaintiff asks the Court for leave to depose Clark, Moore and Rose and to issue subpoenas commanding those witnesses to appear for depositions at the Cotton Correctional Facility on February 23, 2017.  On December 20, 2016, Defendants filed a response providing they "do not oppose Plaintiff's request to take the deposition of non-parties Clark, Rose, and Moore.  In fact, except for non-party Moore, who is incarcerated, Plaintiff's

motion appears to be unnecessary as to Clark and Rose." (DE 28 at 1.) Defendants do, however, oppose Plaintiff's request to be transferred from his current place of incarceration to JCF to conduct the depositions. Instead, "[i]n order to facilitate discovery in this matter, the Michigan Department of Corrections will make available its video conferencing system available so that Plaintiff may participate in the depositions, without the need to transfer." (*Id.* at p. 3.)

### B. Analysis

Fed. R. Civ. P. 56(d) provides that "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." "In deciding a Rule 56(d) motion, the Court must consider [a] number of different factors, including: (1) when the [plaintiff] learned of the issue that is the subject of the desired discovery[;] (2) whether the desired discovery would...change[ ] the ruling[;] (3) how long the discovery period ha[s] lasted[;] (4) whether the [plaintiff] was dilatory in [his] discovery efforts[;] and (5) whether the [defendants] [were] responsive to discovery requests[.]" *Kohus v. Ohio State Highway Patrol*, 310 F.R.D. 549, 550 (S.D. Ohio 2015) (quoting *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196–97 (6th Cir.1995)) (quotation marks omitted).

Though Defendants initially opposed Plaintiff's request to take additional discovery before responding to their motion for summary judgment, they have functionally dropped that opposition by virtue of their agreement with Plaintiff's request to take the three depositions at issue. Moreover, bearing in mind the liberal manner in which *pro se* filings are construed, the Court concludes that Plaintiff has set forth a sufficiently specific statement of reasons why he needs to conduct discovery, and what he hopes to gain therefrom.

Contrary to Defendants' assertion, the Court concludes that Plaintiff was not dilatory in requesting discovery. Until such time as Defendants had responded to the Complaint, Plaintiff had no opportunity to conduct discovery. Defendants' response to the Complaint was a motion for summary judgment, and Plaintiff quickly requested time to take discovery after that motion was filed. No discovery has occurred in this case and allowing Plaintiff a limited time to conduct discovery is not prejudicial to Defendants, especially in light of their agreement that Plaintiff may take the three aforementioned depositions. In short, after examining the record and weighing the applicable factors, the Court concludes that Plaintiff should be permitted to engage in discovery before responding further to the motion for summary judgment.

Accordingly, Plaintiff's motion for leave to take depositions of non-parties is **GRANTED AS UNOPPOSED** to the extent that Plaintiff may take the

depositions of Clark, Rose and Moore at the Cotton Correctional Facility. However, the Court agrees with Defendants that Plaintiff should take those depositions via video conference facilities from his current place of incarceration. Thus, the motion is **DENIED** to the extent that it asks the Court to issue a writ of habeas corpus ordering the Michigan Department of Corrections to transport Plaintiff to/from JCF for the depositions.

In addition, the Court recognizes that there are special institutional needs pertaining to the safety of inmates and staff. Moreover, the record does not specify the level of availability of the video conference facilities at the two correctional institutions. The Court thus will not require the depositions to occur on any particular date and, therefore, Plaintiff's request to issue subpoenas for the depositions to occur on February 23, 2017 is **DENIED**. The Court encourages Defendants' counsel and the Michigan Department of Corrections to work cooperatively with Plaintiff to schedule mutually agreeable dates for the depositions, and to ensure the deponents' presence at those depositions. Defendants' counsel shall also take steps to speak with Department of Correctional personnel ensure that the court reporting service Plaintiff has engaged is able to transcribe the depositions, including being present at JCF or Plaintiff's place of incarceration, if necessary.

The Court will permit Plaintiff to engage in discovery until February 28, 2017.  The Court reminds Plaintiff that Defendants have thirty days, generally, to respond to discovery requests, so Plaintiff should issue any discovery requests well in advance of the February 28, 2017 discovery deadline.  Plaintiff is also reminded that any written discovery requests, and any oral depositions, must be in full compliance with all applicable Federal and Local rules.  Plaintiff shall respond in full to the motion for summary judgment by March 31, 2017; Defendants shall file a reply no later than April 17, 2017.  The Court is strongly disinclined to grant any additional extensions of these deadlines.

**IT IS SO ORDERED.**

Dated: December 21, 2016            s/Anthony P. Patti
                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on December 21, 2016, electronically and/or by U.S. Mail.

                                    s/Michael Williams
                                    Case Manager for the
                                    Honorable Anthony P. Patti