UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNATHAN RODEN,

       Plaintiff                           Case No. 2:16-CV-11208
                                              District Judge Victoria Roberts
v.                                           Magistrate Judge Anthony P. Patti

MICHELLE FLOYD, *et al.*,

       Defendants.
_____/

### ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DE 34) AND SETTING BRIEFING SCHEDULE FOR SUR-REPLY

This matter is before the Court for consideration of Plaintiff Jonathan Roden's motion for appointment of counsel. (DE 34.) For the reasons that follow, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE** to renewal after a summary judgment ruling.

### I.    BACKGROUND

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, brings claims under 42 U.S.C. § 1983, alleging that Defendants retaliated against him for filing grievances related to his tutoring of other prisoners and attending college classes. Defendants filed a motion for summary judgment, which was fully briefed on December 6, 2016 and is awaiting the Court's review. Also pending is Plaintiff's

motion to compel Defendants to provide additional interrogatory answers and to produce documents, which was fully briefed on March 15, 2017.

Plaintiff filed the instant motion on April 7, 2017, asking the court to appoint an attorney in this civil matter. (DE 34.) Plaintiff argues generally that he is indigent and has limited knowledge of the law. His main argument, however, centers around discovery that he contends "directly contradicts Defendants['] Summary Judgment Motion, Affidavits, and Exhibits." (Id. at ¶ 3.) Plaintiff asserts that he has uncovered evidence, including discovery produced by Defendants, as well as the deposition testimony of Kevin Rose and Dr. D. Clark, that contradicts the sworn statement of Michelle Floyd, as set forth in Defendants' motion for summary judgment. He provides as attachments his own affidavit, a misconduct report, Defendants' response to interrogatories, and emails from prison officials about Plaintiff's transfer. Plaintiff asserts that Defendants' "bad faith affidavit, mischaracterizing the facts, and omitting emails" represents an exceptional circumstance justifying the appointment of counsel.

## II. ANALYSIS

As a preliminary matter, although Plaintiff styles his motion as one for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court **may request** an

2

attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to **recruit counsel** under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004). [1]

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

3

Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Applying the foregoing authority, Plaintiff has not described any circumstances to justify a request for appointment of counsel at this time. First, as to Plaintiff's general claims that he is indigent and unfamiliar with the law, those factors would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute extraordinary circumstances. The claims in Plaintiff's complaint are not particularly complex, involving allegations of a retaliatory transfer in violation of the First Amendment.

Moreover, Plaintiff has on several occasions illustrated his ability to articulate his claims and adequately communicate his requests to the Court in a clear and well-organized manner, and with appropriate legal citation. For example, he has successfully moved the Court to allow him to depose non-party

witnesses. (DE 29.) Further, he has completed extensive discovery in this matter, as shown in the instant motion. His pleadings and motions all contain citations to relevant legal authority and are well organized.

Importantly, it is unclear to the Court what else counsel could do at this juncture. Plaintiff has a pending motion to compel that addresses the discovery issues he cites in the instant motion. He has received sufficient discovery at this point, he believes, to contradict Defendants' pending motion for summary judgment. Indeed, he received the information as a result of his successful motion to depose non-party witnesses, which occurred after the motion for summary judgment was fully briefed. Rather than granting the instant motion, I will allow Plaintiff to file a one-time sur-reply to Defendants' motion for summary judgment to be filed with the Court **ON OR BEFORE MAY 10, 2017**. The sur-reply shall be five pages in length, plus attachments, and shall be limited only to highlighting or addressing the information and attachments provided in his motion for appointment of counsel.

Accordingly, at this time, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE.** (DE 34.) Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**

Dated: April 14, 2017            s/Anthony P. Patti
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on April 14, 2017, electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable Anthony P. Patti