UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN RODEN,

       Plaintiff                           Case No. 2:16-cv-11208
                                          District Judge Victoria A. Roberts
v.                                        Magistrate Judge Anthony P. Patti

MICHELLE FLOYD, *et al.*,

       Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (DE 30)

This matter is before the Court for consideration of Plaintiff's motion to compel Defendants' answers to interrogatories and production of documents (DE 30) and Defendants' response in opposition (DE 32). For the reasons that follow, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

**I.    BACKGROUND**

Plaintiff is a state prisoner proceeding without the assistance of counsel. He filed his complaint and application to proceed *in forma pauperis* in the Western District of Michigan on April 4, 2016. The Court granted his application on the same day and transferred the case to this District. Plaintiff filed his complaint under to 42 U.S.C. § 1983, bringing claims of First and Fourteenth Amendment

retaliation, based on his allegedly improper removal from the Jackson College program at the G. Robert Cotton Correctional Facility.

In the instant motion, Plaintiff asserts that Defendant Floyd has not properly responded to his discovery requests and Defendant Cady has not responded at all. As to Defendant Floyd, Plaintiff takes issue with the responses to interrogatories 2, 3, 5, 7, and 8, and sets out the questions at issue and responses in pages 3-5 of his motion. Plaintiff asks the Court to order Defendants to provide more comprehensive answers, to produce requested documents free of charge, and to provide Defendant Richard Cady's responses to interrogatories and requests for production. Specifically, he asks that Defendants provide the following documents, free of charge and prior to their depositions: 1) emails containing his name from June 1, 2015 to the present; 2) the "Clark 363" form; 3) and the civil service description for a Deputy Warden.

Defendants oppose the motion. They assert that Plaintiff failed to conduct a good faith conference pursuant to Eastern District of Michigan Local Rule 37.1 and failed to include a verbatim recitation of the discovery response or a copy of the actual discovery response, in contravention of Local Rule 37.2. They argue that Defendant Floyd's responses were adequate and that Defendant Cady provided responses. (DE 32.) Finally, they assert that Plaintiff is required to pay for his own discovery requests.

On April 7, 2017, Plaintiff filed a motion asking the Court to appoint an attorney in this civil case. (DE 34.) The Court denied the motion without prejudice on April 14, 2017, but noted that Plaintiff frequently referred to discovery he had received, including misconduct reports and Defendants' responses to interrogatories, including those of Defendant Cady. (DE 34 at 14.) The Court allowed Plaintiff a one-time surreply to Defendants' motion for summary judgment, as a result of the evidence he uncovered after Defendants' motion for summary judgment was filed. Plaintiff timely filed the surreply on April 28, 2017. (DE 37.)

## II. STANDARD

The Court has broad discretion to determine the scope of discovery. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). The scope of discovery, which permits a party to obtain "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit," is always subject to being "limited by court order[,]" and thus, within the sound discretion of the court. Fed. R. Civ. P. 26(b)(1). Further, discovery is more liberal than even the

trial setting, as Rule 26(b) allows information that "need not be admissible in evidence" to be discoverable. *Id.* However, the court must also balance the "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg., Inc.,* 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush,* 161 F.3d at 367). Rule 37(a) allows a party to move for an order compelling "an answer, designation, production, or inspection" if the opposing party has failed to provide a discovery response. Fed. R. Civ. P. 37(a)(3).

## III. ANALYSIS

As a preliminary matter, Plaintiff's request that the Court order Defendant Cady to provide responses is **DENIED AS MOOT**. Defendants provided Cady's answers to Plaintiff's interrogatories in their response. (DE 32-4.)

### A. Plaintiff's Document Requests

As to Plaintiff's document requests, his motion is **GRANTED IN PART AND DENIED IN PART**. At issue is Defendants' response that Plaintiff may have the discovery he requested upon paying the State of Michigan for the copies. Specifically, Defendant Floyd states the following in her response to interrogatory number 5: "Plaintiff may receive a copy of the 363 form, *consisting of 1 page*, as soon as Plaintiff sends defense counsel a certified check or money order made payable to the State of Michigan in the amount of *$0.25*." (DE 32-2 at ¶ 5.) (emphasis added). Likewise, in her response to interrogatory number 8, she states

4

that Plaintiff may receive a copy of the "Civil Service Position Description for a Deputy Warden, consisting of 7 pages, as soon as Plaintiff sends defense counsel a certified check or money order made payable to the State of Michigan in the amount of $1.75." (DE 32-3 at ¶ 8.)  Finally, Defendant Floyd provides the same response to interrogatory number 9, noting that Plaintiff can receive the one-page "363 form" upon the payment of $0.25 to the State of Michigan.  (Id. at ¶ 9.)  All told, Defendants request $2.00 from Plaintiff in order to receive the documents he has requested.[1]

Defendants correctly point to the Sixth Circuit's unpublished opinion in *Smith v. Yarrow*, 78 F. App'x 529 (6th Cir. 2003) for its holding that a "prisoner plaintiff proceeding *in forma pauperis* may seek a waiver of certain pretrial filing fees, but there is no constitutional or statutory requirement that the government or Defendant pay for an indigent prisoner's discovery efforts." *Id.* at 544 (DE 32 at 2.)  However, *Smith* relies on the published opinion in *Johnson v. Hubbard*, 698 F. 2d 286, 289 (6th Cir. 1983), which, in turn, stands for the more limited notion that "there is no constitutional requirement to waive costs of transcripts, expert witness fees, and fees to secure depositions." *Johnson*, 698 F.2d at 289.  Here, Plaintiff is not asking Defendants to pay for the costs of transcripts, witness fees, or

---

[1] It is very likely that it cost more for the State of Michigan to file a response to Plaintiff's motion to compel than the $2.00 copying costs.

depositions. Instead, he is asking for documents that are under Defendants' control as discovery requests.

Under the Federal Rules of Civil Procedure, "the presumption is that the responding party must bear the expense of complying with discovery requests, but may invoke the court's discretion under Rule 26(c) to grant orders protecting him [or her] from 'undue burden or expense.'" *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978) (quoting Fed. R. Civ. P. 26(c)). The documents Plaintiff requests total nine pages. (DE 32-3 at ¶ 5 and 32-3 at ¶¶ 8 and 9.) Defendants do not make an argument that making copies of the documents would create an undue burden or expense. Nor do they point to anything in the Prisoner Litigation Reform Act that would require such a burden shifting. In fact, requiring Plaintiff, who is an indigent prisoner, to pay for the costs of responding to his discovery requests would actually put him in a worse position than any other litigant in a civil case. Notwithstanding this ruling, Plaintiff should not believe that he has *carte blanche* to request extensive discovery and expect Defendants to pay for it going forward.

Accordingly, Defendants are **ORDERED** to provide Plaintiff with the requested materials, summarized in their responses to interrogatories 5 and 8 free of charge. (DE 32-2 at ¶ 5, DE 32-3 at ¶¶ 8.) In addition, Defendants shall provide the email referred to in Floyd's response to interrogatory number 3, if they have

not already done so. As to the "363 form" requested in interrogatory number 9, Defendants have provided this report as part of their motion for summary judgment, and therefore need not provide it again. (DE 19-9; *see also* DE 30 at 6, "Plaintiff is simply requesting a copy of the 363 that Defendants relied on in framing their Summary Judgment.")

### B. Floyd's Response to Interrogatory No. 2

Finally, Plaintiff asserts that Defendant Floyd has not fully responded to interrogatory number 2. Defendants argue that while Floyd "has no objection to answering that question," Plaintiff's interrogatory was too "expansive, as it was [not] limited as to time . . . ." (DE 32 at 2.) Accordingly, using its discretion, the Court will limit Plaintiff's interrogatory to the timeframe of 2012 (three years before the events described in Plaintiff's complaint began) to the present, and orders Defendant Floyd to serve a sworn response.

## IV. CONCLUSION

In sum, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**. Defendants shall provide the documents described above, as well as the supplemental response to interrogatory no. 2, **WITHIN FOURTEEN DAYS OF THE DATE OF THIS ORDER**.

Having granted in part Plaintiff's motion and required Defendants to produce certain discovery, the Court concludes that Plaintiff's previously filed

Rule 56(d) affidavit is meritorious. (DE 22.) To that end, I will issue a Report and Recommendation that Defendants' motion for summary judgment be denied without prejudice to refiling after they have provided Plaintiff with the required documents and information.

**IT IS SO ORDERED.**

Dated: May 31, 2017  s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 31, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti