UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN RODEN,

    Plaintiff

v.

MICHELLE FLOYD, *et al.*,

    Defendants.

_____/

Case No. 2:16-cv-11208
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

# REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE (DE 19)

**I.**    **RECOMMENDATION**: Pursuant to Rule 56(d), the Court should deny Defendants' motion for summary judgment without prejudice to refiling after they have complied with the Court's May 31, 2017 order requiring that they respond to Plaintiff's discovery requests.

**II.**    **REPORT**

   **A.**    **Background**

      **1.**    **Factual Background**

Plaintiff filed his complaint and application to proceed *in forma pauperis* on April 4, 2016 in the Western District of Michigan, naming as Defendants Michelle Floyd, Richard Cady, and Haynes-Love. On the same day, the Court granted his application and transferred the case to this district.

Plaintiff was imprisoned at the G. Robert Cotton Correctional Facility ("JCF") during the events relevant to his complaint. According to Plaintiff, he was transferred to JCF in order to attend Jackson College as part of the "Pathways from Prison to Post-Secondary Education project." (DE 1 at ¶ 9.) Plaintiff also worked as a GED tutor. During his time as student and tutor, Plaintiff contends that he advocated for the students in the program, specifically requesting a study hall in order to "avoid the violence of the prison yard[.]" (Id. at ¶ 15.) He also asked that all of the students be housed in the same unit and made complaints about the "telephones, inner unit study proposal, and improper conduct of unit staff." (Id. at ¶ 22.) He filed grievances about the same.

On August 26, 2015, Plaintiff was told he was being transferred. He alleges that the transfer was made in retaliation for his grievances. As a result, he asserts that he has been unable to earn his degree. He brings retaliation claims under the First and Fourteenth Amendments to the United States Constitution and seeks compensatory damages.

### B. Procedural Background

On April 18, 2016, this Court directed service of Plaintiff's complaint without prepayment of costs by the U.S. Marshals. (DE 6.) Waivers of service were returned executed as to Haynes-Love and Michelle Floyd on April 29, 2016, but were returned unexecuted on Richard Cady. (DE 9-11.) On July 15, 2016, the

Court directed the Michigan Department of Corrections ("MDOC") to provide Defendant Cady's last known address. (DE 15.) On September 14, 2016, counsel appeared on behalf of Defendant Cady. (DE 18.) On the same day, all of the Defendants filed the instant motion for summary judgment. (DE 19.)

Defendants assert that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies, did not allege personal involvement of each named defendant, and has not stated a claim for retaliation. In addition, they assert that they are entitled to qualified immunity. Plaintiff opposes the motion. In his response, he invokes Federal Rule of Civil Procedure 56(d) and provides an affidavit swearing that he needs discovery, including depositions and interrogatories, in order to respond to Defendants' motion. (DE 22.) Defendants counter that "[d]espite filing his complaint in early March, Plaintiff has failed to engage in any discovery," and that his affidavit does not contain material facts he hopes to uncover. (DE 25 at 2-3.)

On April 14, 2017, I denied without prejudice Plaintiff's motion for appointment of counsel. However, I noted that Plaintiff had come across information in discovery to contradict Defendants' pending motion for summary judgment and allowed him a one-time surreply in which to respond to the motion with the newly discovered information. (DE 35.) Plaintiff timely filed his surreply on April 28, 2017. Then, on May 31, 2017, I granted in part Plaintiff's motion to

compel. (DE 39.) Specifically, I ordered that Defendants provide certain documents to Plaintiff, free of charge, and supplement a response to an interrogatory.

B. **Standard**

Pursuant to Federal Rule of Civil Procedure 56(d), "the district court may defer summary judgment, pending discovery, if the non-movant submits affidavits stating that 'the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition.'" *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995) (quoting Fed. R. Civ. P. 56(d)); *see also Elite Contractors, Inc. v. CitiMortgage*, No. 12-cv-10284, 2012 WL 12884454, at *3 (E.D. Mich. May 7, 2012) ("A party that wishes to engage in fact discovery may defeat summary judgment if the party shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.") (internal quotations omitted). It is within the discretion of the district court whether or not to permit discovery under Rule 56(d). *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 425-26 (6th Cir. 2009). In deciding a request under Rule 56(d), courts generally consider factors such as: (1) when the non-moving party learned of the issue that is the subject of the discovery; (2) how long the discovery period lasted; (3) whether the non-moving party was dilatory in his or her discovery efforts; and (4) whether the moving party was responsive to discovery requests.

*Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995). However, irrespective of the above factors, in cases where the non-moving party has had no opportunity to conduct discovery, "denying the Rule [56(d)][1] motion and ruling on a summary judgment motion is likely to be an abuse of discretion." *CenTra Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008).

**C. Discussion**

    **1. Plaintiff's Affidavit is Sufficient**

The Court must first determine whether Plaintiff has shown by affidavit that he cannot present facts essential to justify its opposition. Reading his affidavit in the "less stringent" manner afforded to *pro se* litigants, I conclude that he has. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Specifically, Plaintiff outlines in his affidavit the fact that he is seeking documentation as to why he was let go from his position as a tutor. (DE 22 at 32, ¶¶ 3, 10, and 14). Although somewhat tenuous, this discovery could be used to substantiate Plaintiff's claim that his transfer was made in retaliation for filing grievances related to the Jackson College program. Accordingly, I conclude that Plaintiff's affidavit is sufficient under Rule 56(d).

---

[1] Rule 56 was reworded and reorganized effective December 1, 2010. One of the revisions was moving the provision that was Rule 56(f) into its current location as Rule 56(d).

## 2. Plaintiff is Entitled to Discovery

Despite filing his complaint in April 2016, Plaintiff did not have an opportunity to conduct discovery before Defendants filed their September motion. At first blush, it appears that Defendants have a point: namely, why did Plaintiff fail to conduct discovery during those months? However, upon closer inspection, Defendant Cady was not served until the very day that Defendants filed the instant motion. (DE 18.) As a result, no scheduling order was issued in this case and it is not a surprise that Plaintiff did not conduct discovery as to the two Defendants who were served in April.

It appears that some discovery was conducted after the motion and Plaintiff's response were filed. (*See* DE 34, 35, 37 and 39.) In addition, the Court attempted to remedy this issue by allowing Plaintiff to file a late surreply. However, even after allowing the surreply, the Court granted in part Plaintiff's motion to compel, thereby identifying additional discovery to which Plaintiff was entitled. Accordingly, and in the interests of justice, I recommend that the Court deny Defendants' motion for summary judgment without prejudice to refiling after Plaintiff has received the discovery identified in my May 31, 2017 order.

Even if I construe this case as one in which discovery has occurred, despite it taking place after the motion was filed, the factors still weigh in favor of granting Plaintiff's request under Rule 56(d). First, Plaintiff learned of the issues that are

the subject of the motion when he filed his lawsuit, but did not have time to serve discovery requests between the date that all of the Defendants appeared and the date they filed the instant motion, both of which occurred on September 14, 2016. Second, as noted above, the Court did not have an opportunity to *set* a discovery period because the final Defendant was served on the same day the motion was filed. Third, there is no indication that Plaintiff was dilatory in his discovery efforts. In fact, it appears that he began conducting discovery soon after filing his response, as his interrogatories were dated December 12, 2016. (DE 32-2, 32-3, and 32-4.) Finally, as addressed in my May 31, 2017 order on Plaintiff's motion to compel, Defendants did not timely serve complete discovery responses and made Plaintiff's access to the documents he requested contingent upon his paying the State of Michigan for them, thus necessitating his filing of a motion to compel and further delaying the discovery process.

### D. Conclusion

In sum, I recommend that the Court deny Defendants' motion without prejudice to refiling after they have provided Plaintiff with the necessary discovery.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service,

7

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: May 31, 2017            s/Anthony P. Patti
                               Anthony P. Patti
                               UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 31, 2017, electronically and/or by U.S .Mail.

                                          s/Michael Williams
                                          Case Manager for the
                                          Honorable Anthony P. Patti