UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN RODEN,

       Plaintiff,

v.

MICHELLE FLOYD, and
RICHARD CADY,

       Defendants.

_____/

Case No. 2:16-CV-11208
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SERVICE OF SUBPOENA ON NON-PARTY WITNESSES FOR PRODUCTION OF E-MAILS (DE 60)

This matter is before the Court for consideration of Plaintiff Jonathan Roden's motion for service of subpoena on non-party witnesses for production of e-mails (DE 60). For the reasons that follow, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.

    **A.**    **Background**

Plaintiff, a state prisoner proceeding without the assistance of counsel, filed his complaint and application to proceed *in forma pauperis* in the Western District of Michigan on April 4, 2016. (DE 1.) The Court granted his application on the same day and transferred the case to this District. (DEs 3, 4.) Plaintiff asserted

claims for retaliation under the First and Fourteenth Amendments to the United States Constitution against three defendants, Michelle Floyd, Richard Cady and Beverly Haynes-Love, alleging that they transferred him from G. Robert Cotton Correctional Facility (JCF) to a more restrictive correctional facility and removed him from Jackson College classes because of grievances he filed regarding the education program and treatment of students. (DE 1.)

On March 15, 2018, the Court entered an Opinion and Order, adopting my Report and Recommendation, and granting in part and denying in part Defendants' motion for summary judgment. (DEs 52, 57.) Plaintiff's claims against Defendant Haynes-Love were dismissed with prejudice, and his claims against Defendants Floyd and Cady are to proceed to trial. (*Id.*)

On May 7, 2018, Plaintiff filed his motion to amend the complaint, in which he sought to add two defendants, Shawn Brewer, Warden at JCF, and James Roth, Inspector at JCF, and to add an additional cause of action against all Defendants for "violation of the United States Constitution Eighth and Fourteenth Amendments and Michigan common law by civil conspiracy through concerted actions, manufacturing a false sexual harassment allegation." (DE 59.) The Court granted this motion on September 5, 2018, and directed the United States Marshals Service (USMS) to serve the Amended Complaint on Shawn Brewer and James Roth. (DE 65.)

2

### B. Instant Motion

On May 7, 2018, Plaintiff filed the instant motion for service of subpoena on non-party witnesses for production of e-mails, seeking an order directing the USMS to serve subpoenas attached to his motion on, at that time, three non-party Michigan Department of Corrections (MDOC) employees, Melinda Bennett, J. Rohrig, and Shawn Brewer. (DE 60.)  This motion is unopposed.  For the reasons that follow, Plaintiff's unopposed motion for service of subpoena on non-party witnesses for production of emails (DE 60) is **GRANTED IN PART AND DENIED IN PART**.

### C. Discussion

Plaintiff is proceeding *in forma pauperis*.  Consequently, pursuant to 28 U.S.C. § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases.  Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." 28 U.S.C. § 1915(d).  This provision requires the USMS to serve an indigent party's subpoena *duces tecum*.  A court, however, may exercise its discretion to screen such a subpoena request, relieving the USMS of its duty when appropriate.  *See* 9A C. Wright & A. Miller, Federal Practice and Procedure § 2454, pp. 244-46 n.21 (3d ed. 2010) (citations omitted).

Here, upon review of Plaintiff's unopposed motion and the attached subpoenas, the Court finds no circumstances warranting an exception to the U.S. Marshals Service's statutory duty under § 1915(d) as to non-party MDOC employees Melinda Bennett and J. Rohrig.  Because these subpoenas do not require the attendance of any witness, the fees for one day's attendance and the mileage allowed by law need not be tendered.  *See* Fed. R. Civ. P. 45(b)(1). Accordingly, Plaintiff's motion is **GRANTED** as to non-party MDOC employees Melinda Bennett and J. Rohrig, and the Court **DIRECTS** the USMS to serve ECF No. 60, Page IDs 1076 and 1079, on J. Rohrig and Melinda Bennett at the addresses listed on the subpoenas.

However, Shawn Brewer is now a named defendant in Plaintiff's Amended Complaint.  (See DE 59 Page ID 1047-1058.)  As a general rule, subpoenas issued under Fed. R. Civ. P. 45 are not meant to serve as discovery tools among parties. *Marvin v. Capital One*, No. 1:15-cv-1310, 2016 WL 8468059, at *1 (W.D. Mich. Aug. 16, 2016) (collecting cases). Thus, Plaintiff should be able to serve a document request on Shawn Brewer pursuant to Fed. R. Civ. P. 34, once he has been served and has entered an appearance in this matter.  *See Roofers Local 149 Security Benefit Trust Fund v. Milbrand Roofing Group, Inc.*, No. 05-CV-60218, 2007 WL 2421479, at *1 (E.D. Mich. Aug. 22, 2007) ("[A] party cannot use a subpoena under Rule 45 as a substitute to Rule 34 for the production of documents

4

and things from another party to the litigation."). Accordingly, Plaintiff's motion is **DENIED** with respect to Defendant Shawn Brewer.

    **IT IS SO ORDERED.**

Dated: September 7, 2018      s/*Anthony P. Patti*
    Anthony P. Patti
    UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 7, 2018, electronically and/or by U.S. Mail.

    s/Michael Williams
    Case Manager for the
    Honorable Anthony P. Patti
    (313) 234-5200