UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN RODEN,

    Plaintiff

v.

MICHELLE FLOYD,
RICHARD CADY, SHAWN
BREWER, and JAMES ROTH,

    Defendants.
_____/

Case No. 2:16-CV-11208
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

## **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ORDER DIRECTING U.S. MARSHAL TO PERSONALLY SERVE SUBPOENAS FOR PRODUCTION OF EMAILS ON NON-PARTY WITNESSES AND MDOC LITIGATION MANAGER (DE 79)**

This matter came before the Court for consideration of Plaintiff's motion for order directing the U.S. Marshal to personally serve subpoenas for production of emails on non-party witnesses and MDOC litigation manager. (DE 79.) Plaintiff seeks an order directing the U.S. Marshal Service (USMS) to personally serve subpoenas on MDOC employees Julius Curling, Melinda Bennette [sic] and J. Rohrig. (*Id.*) Plaintiff notes that: "On September 7, 2018 this Court issued an order directing U S Marshalls [sic] Office to serve these non-party witness subpoenas (By mailing waiver of service process). These non-party witnesses have not mailed back any waiver of service forms." (*Id.* ¶ 4.) He further notes that,

three months later, he made various efforts to communicate with lawyers at the Michigan Attorney General's office to inquire about the status of the subpoenas. (*Id.* ¶¶ 5-6.) The motion, which was filed before the expiration of discovery, is unopposed.

Plaintiff is proceeding *in forma pauperis*. Consequently, pursuant to 28 U.S.C. § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." 28 U.S.C. § 1915(d). This provision requires the USMS to serve an indigent party's subpoena *duces tecum*, including by personal service. *See Modica v. Russell*, No. 2:15-cv-00057, 2015 WL 13653879, at *2 (E.D. Cal. Sept. 18, 2015) (a plaintiff proceeding IFP is entitled to obtain personal service of an authorized subpoena by the USMS because Fed. R. Civ. P. 45 requires a subpoena to be personally served); *Biers v. Washington State Liquor & Cannabis Bd.*, No. C15-1518JLR, 2016 WL 7723977, at *1-2 (W.D. Wash. Apr. 21, 2016) (ordering personal service after service by mail was not effective). A court, however, may exercise its discretion to screen such a subpoena request, relieving the USMS of its duty when appropriate. *See* 9A C. Wright & A. Miller, Federal Practice and Procedure § 2454, pp. 244-46 n.21 (3d ed. 2010) (citations omitted).

Here, upon review of Plaintiff's unopposed motion and the attached subpoenas, the Court finds no circumstances warranting an exception to the U.S. Marshal Service's statutory duty under § 1915(d) as to the subpoenas issued to non-party MDOC employees Melinda Bennett and J. Rohrig. Plaintiff has waited long enough without satisfaction. Personal service of the subpoenas is certainly now justified. Because these two subpoenas attached to Plaintiff's motion (at ECF 79, Pg ID 1182-83) do not require the attendance of any witness, the fees for one day's attendance and the mileage allowed by law need not be tendered. *See* Fed. R. Civ. P. 45(b)(1). However, Plaintiff failed to attach to his motion a copy of a subpoena issued to Julius Curling, and the Court therefore cannot order service pursuant to 28 U.S.C. § 1915(d).

Accordingly, Plaintiff's motion is **GRANTED in part** as to non-party MDOC employees Melinda Bennett and J. Rohrig, and the Court **DIRECTS** the USMS to **PERSONALLY** serve ECF No. 79, Page IDs 1182 and 1183, on J. Rohrig and Melinda Bennett at the addresses listed on the subpoenas. However, Plaintiff failed to attach a subpoena issued to Julius Curling and the Court accordingly **DENIES without prejudice** Plaintiff's motion as to Mr. Curling.

**IT IS SO ORDERED.**

Dated: February 1, 2019   s/*Anthony P. Patti*
                                            Anthony P. Patti
                                            UNITED STATES MAGISTRATE JUDGE

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on February 1, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti
