UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN RODEN,

       Plaintiff

v.

MICHELLE FLOYD,
RICHARD CADY, SHAWN
BREWER, and JAMES ROTH,

       Defendants.
_____/

Case No. 2:16-cv-11208
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

# ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANT BREWER TO PROVIDE DOCUMENTS AND ANSWER INTERROGATORIES AND ADMISSIONS (DE 80)

This matter is before the Court for consideration of Plaintiff's motion to compel Defendant Shawn Brewer to provide documents and answer interrogatories and requests for admission (DE 80), and Defendant Brewer's response (DE 85). For the reasons that follow, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

## I. Background

Plaintiff Jonathan Roden filed his complaint and application to proceed *in forma pauperis* on April 4, 2016 in the Western District of Michigan. (DE 1.) The Court granted his application and transferred the case to this district. (DE 4.)

Plaintiff brought this lawsuit against Defendants Michelle Floyd (Deputy Warden), Richard Cady (Resident Unit Manager), and Beverly Haynes-Love (Corrections Officer), alleging that they transferred him to a more restrictive correctional facility and removed him from Jackson College classes because of grievances he filed regarding the education program and treatment of students. (DE 1.) He asserted a retaliation claim under the First and Fourteenth Amendments to the United States Constitution and sought compensatory damages. (*Id.*, Count I.)

On March 15, 2018, the Court entered an Opinion and Order, adopting my Report and Recommendation, and granting in part and denying in part Defendants' motion for summary judgment. (DEs 52, 57.) Plaintiff's claims against Defendant Haynes-Love were dismissed with prejudice, and his First Amendment claims against Defendants Floyd and Cady are to proceed to trial. (*Id.*)

On September 5, 2018, the Court granted Plaintiff's unopposed motion to amend the complaint and ordered that DE 59 at Page ID 1047-1058 be treated as Plaintiff's Amended Complaint. (DE 65.) Plaintiff's Amended Complaint: (1) adds two defendants, Shawn Brewer (Warden) and James Roth (Inspector); (2) re-asserts the retaliation claim under the First and Fourteenth Amendments against all Defendants; and (3) adds a second cause of action against all Defendants for "violation of the United States Constitution Eighth and Fourteenth Amendments and Michigan common law by civil conspiracy through concerted actions,

2

manufacturing a false sexual harassment allegation." (DE 59.) Plaintiff seeks damages in the amount of $380,000. (*Id.*)

## II. Plaintiff's Motion to Compel

In the instant motion, Plaintiff asserts that Defendant Brewer has not properly responded to his discovery requests. Plaintiff takes issue with Brewer's responses to Interrogatory Nos. 1-3, Request for Admission Nos. 1, 2, 5-11, 13, 14, 20-23, and Request for Production Nos. 4-7. Plaintiff asks the Court to order Defendant to fully answer the interrogatories and requests for admission, and to provide the documents requested. (DE 80.)

Defendant Brewer oppose the motion. He asserts that Plaintiff's Interrogatory No. 1 seeks information irrelevant to his claims, that he is not in possession, custody of control of the documents sought in Request for Production Nos. 5-7, and that Request No. 5 is overly broad and unduly burdensome. He further argues that he lacks the requisite knowledge to respond to Interrogatory Nos. 2 and 3 and Request for Admission Nos. 1, 2, 5-11, 13, 14, and 20-23. (DE 85.)

## III. Analysis

### A. Standard

The Court has broad discretion to determine the scope of discovery. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). The scope of discovery,

which permits a party to obtain "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit," is always subject to being "limited by court order[,]" and thus, within the sound discretion of the court. Fed. R. Civ. P. 26(b)(1). Further, discovery is more liberal than even the trial setting, as Rule 26(b) allows information that "need not be admissible in evidence" to be discoverable. *Id.* However, the court must also balance the "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg., Inc.,* 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush,* 161 F.3d at 367). Rule 37(a) allows a party to move for an order compelling "an answer, designation, production, or inspection" if the opposing party has failed to provide a discovery response. Fed. R. Civ. P. 37(a)(3).

 **B. Plaintiff's Interrogatories**

Plaintiff moves to compel Defendant Brewer to provide more complete answers to Interrogatory Nos. 1, 2 and 3.

*Interrogatory No. 1*

Interrogatory No. 1 asks:

> Have you been reprimanded by the Michigan Department of Corrections regarding your job performance or adherence to MDOC Policies Rules or Operating Procedures in the past six (6) years? If the answer is yes[,] [w]hen, what were the violations, and how were you reprimanded each time?

(DE 80 at 28.) Brewer responded: "Defendant objects that this interrogatory is irrelevant and will not lead to the discovery of admissible evidence." (*Id.*) In his response to Plaintiff's motion to compel, Brewer states that his "performance and policy compliance is not at issue in this case and thus not relevant to this lawsuit" and that Plaintiff does not address his objections in the motion to compel. (DE 85 at 5.) Brewer also argues that his employment records contain Personally Identifiable Information (PII), protected by Fed. R. Civ. P. 5.2(a).

Although it is true that Plaintiff does not specifically address Brewer's objections to Interrogatory No. 1, he does broadly discuss the "purpose of the requested Interrogatories and Documents," which he contends is to:

> 1) Establish that the Telephone Complaint and study hall grievances were authored by Plaintiff after the Warden falsified operating procedure when responding [that] more phones were not in the budget; 2) Ascertain Defendants' position as to the sexual harassment and love letters[,] [w]ho reported this, who investigated it, who was the subject of the harassment, where is (are) the letter(s), when did this occur, what was the disciplinary action; and 3) Illustrate the sexual harassment narrative and conspiracy through text messages and e-mails between and amongst Defendants, Grievance Coordinator and Transfer Coordinator.

(DE 80 at 2-3.)

These stated "purposes" do not justify discovery seeking previous reprimands by the MDOC of Brewer relating to his job performance and adherence to state policies, if any. Plaintiff fails to explain in his motion how the information sought in this interrogatory is relevant to his claim that Defendants retaliated against him and transferred him from JCF because of grievances he filed regarding the education program and treatment of students, or his claim that Brewer was part of a conspiracy to "manufacture a false sexual harassment allegation" against him. He has demonstrated little to no need for this information and disclosure implicates Brewer's right to privacy and could jeopardize the safety and security of the institution and Brewer. Accordingly, Plaintiff's motion to compel with regard to Interrogatory No. 1 is **DENIED**.

*Interrogatory No. 2*

Interrogatory No. 2 asks:

What are the names and job titles of all JCF employees, subcontractors, teachers, professors, or volunteers that you claim Jonathan Roden was writing, courting, pursuing, wooing, involved with, communicating with, or fantasizing about in a sexual or romantic manner. When was this reported, who reported it and what corrective action was taken?

(DE 80 at 29.) Brewer responded: "I do not recall as this incident allegedly occurred in 2015." (*Id.*)

The Court notes that, in general, it cannot compel a party to provide information that he or she does not possess any more than it can compel that party

6

to produce documents that do not exist or are not in his possession, custody or control. However, Brewer previously stated in an affidavit filed earlier in this matter that:

> 4. In late July 2015, Roden sent an unauthorized communication to then Deputy Warden Michelle Floyd, which was brought to my attention. Due to the inappropriateness of the card, Deputy Warden Floyd requested that Roden be transferred out of JCF.
>
> 5. I agreed with that request because Roden's demonstrated behavior presented a security and safety concern and he could not remain at JCF.

(DE 44-11 ¶¶ 4-5.) In light of this prior sworn testimony, Brewer is ordered to supplement or amend his response to Interrogatory No. 2, if necessary, to conform with his representations in his affidavit. To the extent he is unable to provide the information requested after a good faith investigation, he must expressly state so under oath in a verified interrogatory response.

*Interrogatory No. 3*

Interrogatory No. 3 asks:

> In your affidavit DE 44-11 pg ID 730 paragraph 4 you state: "In late July 2015, Roden sent an unauthorized communication to then Deputy Warden Michelle Floyd, which was brought to my attention. Due to the inappropriateness of the card, Deputy Warden Floyd requested that Roden be transferred out of JCF. I agreed with that request because Roden's demonstrated behavior presented a security and safety concern." Was Roden issued a misconduct, Notice of Intent, or given any Due Process for this unauthorized communication? If yes, what? If no, why not?

7

(DE 80 at 29.) Brewer stated in response: "I don't know. Please refer to the prisoner file if any disciplinary action occurred." (*Id.*)

While a "[l]ack of knowledge or the ability to recollect is, if true, an acceptable answer" to an interrogatory, *Annabel v. Heyns*, No. 2:12-cv-13590, 2014 WL 1207802, at *1 (E.D. Mich. Mar. 24, 2014), *aff'd*, 2018 WL 4870866 (6th Cir. Apr. 10, 2018), "[a] party answering interrogatories has an affirmative duty to furnish any and all information *available to* that party." 7 JAMES WM MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 33.102[1], [3] (3d ed. 2017) (emphasis added) ("The duty to provide all information available encompasses the responsibility to provide information within the party's control, even if that information is in the possession of a nonparty."). Rule 33 grants a party the option of identifying business records in lieu of answering, but requires the party to "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]" Fed. R. Civ. P. 33(d).

Brewer is ordered to amend or supplement his response by **March 27, 2019** to more specifically identify the records in the "prisoner file" to be reviewed in response to this interrogatory (i.e., by bates number, or date of production). Or, if such records have not been produced in this matter, Brewer

is directed to review the records that are in his possession, custody or control as a necessary part of the performance of his duties and supplement his response by **March 27, 2019**. *See Trane Co. v. Klutznick*, 87 F.R.D. 473, 476 (W.D. Wis. 1980) (under Rule 33 a party has a "duty to provide all information available to him … [and] information which is controlled by a party is available to him").

### C. Plaintiff's Document Requests

Plaintiff seeks to compel Brewer to fully respond to Request for Production Nos. 4-7. He complains generally that Brewer's discovery responses are "incomplete, evasive and did not state that Defendant made reasonable efforts to inform himself prior to responding 'I don't know.'" (DE 80 at 7.) He further claims that "[b]oth Defense Counsel and Defendant Brewer have access to the requisite emails, J-Pay Messages, discipline records, and/or information to respond." (*Id.* at 9.)

*Request No. 4*

Request No. 4. States:

Provide any and all emails between July 27, 2015 through September 10, 2015 to or from JCF Grievance Coordinator or Acting Grievance Coordinator pertaining to Jonathan Roden, #319782, tutor, transfer, and/or termination.

(DE 80 at 32.) Brewer responded:

> Defendant is currently searching for responsive documents and will supplement this response if any are found. Copies or any responsive documents will be provided after receipt of a certified check or money order payable to the State of Michigan for copying charges at .25 cents per page.

(*Id.*) Plaintiff fails to specify how this response, agreeing to search for and produce responsive documents, is deficient. Accordingly, Plaintiff's motion to compel this response is **DENIED**. However, if Brewer has not already done so, he must inform Plaintiff by **March 27, 2019** if any responsive documents were found, and if so, inform him of the number of pages to be produced, with specific instructions for payment. *See Smith v. Yarrow*, 78 F. App'x 529, 544 (6th Cir. 2003) ("[T]here is no constitutional or statutory requirement that the government or [d]efendant pay for an indigent prisoner's discovery efforts.").

*Request No. 5*

Request No. 5 states:

> Provide any and all e-mails to or from any staff at JCF to or from MDOC Central Classification between July 27, 2015 and September 1, 2015, pertaining to or related to Roden, 319782, Transfer Hold.

(DE 80 at 33.) Brewer responded:

> Defendant objects that this request is overly broad and unduly burdensome as it requires Defendant to search the emails of all staff members at JCF. Additionally, Defendant objects as the emails of JCF staff members are not in the possession, custody or control of Defendants. Fed. R. Civ. P. 34(a)(1).

10

(*Id.*)  The Court agrees that a request for "any and all e-mails to or from any staff at JCF" is over broad.  Plaintiff has made no showing that Brewer, as a warden, would have possession, custody or control over all emails of JCF staff.  However, Brewer has sufficient possession, custody or control over emails to or from *himself* and JCF staff or MDOC Central Classification.  Accordingly, the Court will compel Brewer to search for and produce, if found, by **March 27, 2019**, all emails to or from himself (as sender, recipient, or copied (i.e, cc or bcc)), and JCF staff and/or MDOC Central Classification "pertaining or related to Roden, 319782, Transfer Hold."

*Request No. 6*

Request No. 6 seeks "the love letter you claim Jonathan Roden sent to a teacher at Jackson College." (DE 80 at 33.)  Brewer responds that he is "not in possession nor do I have access to this letter." (*Id.*)  As explained above, a party cannot be compelled to produce what he does not have.  Accordingly, Plaintiff's motion to compel a response to Request No. 6 is **DENIED**.[1]  To the extent Plaintiff is challenging the truthfulness of this response, the Court notes that "'[t]he purpose of a motion to compel discovery is not to challenge the truthfulness of the response

---

[1] Defendants are forewarned that, if a copy of the "love letter" exists (as described in Defendant Michelle Floyd's affidavit (DE 44-9 ¶ 6)), and it is not produced to Plaintiff before the filing of any motion for summary judgment, or before trial if no motion for summary judgment is filed, it will not be permitted to be admitted into evidence.

but rather to compel a party to answer the interrogatory.'" *Annabel*, 2014 WL 1207802, at *1 (quoting *Stewart v. Capital Newspapers Inc.*, No. 09-cv-554-slc, 2010 WL 1508289 (W.D. Wis. Apr. 14, 2010)). That is, a motion to compel is not the correct way for Plaintiff to argue about the factual accuracy of Defendant Brewer's responses. *See Grant v. Target Corp.*, No. 2:10-cv-823, 2013 WL 571845, at *9 (S.D. Ohio Feb. 13, 2013).

*Request No. 7*

Request No. 7 states:

> Provide all facility wide [sic] J-Pay messages sent from you to JCF population concerning more phones being requested, denied and approved sent between May 1, 2015 and June 7, 2015.

(DE 80 at 33.) Brewer states in response, "I am not in possession nor do I have access to JPay messages as I am currently assigned to WHV." (*Id.*)

Again, Brewer cannot be compelled to produce what he does not have. He explained that he is no longer the warden at JCF and thus does not have access to any JPay messages at that facility. The Court notes that JPay was a third party vendor that provided a process for friends and family to deposit money into prisoner accounts. https://www.michigan.gov/corrections/0,4551,7-119-9741_12798-25072--,00.html. According to the MDOC website, the MDOC transitioned from JPay to a new vendor, GTL Financial Services, on February 1, 2017. *Id.* While Plaintiff cites to caselaw supporting the proposition that the

12

defendant wardens in those cases had access to institutional records such as "critical incident reports" and "grievances" and thus could be compelled to produce those documents (DE 80 at 12-13), the records sought here are not the same type of "institutional records." Plaintiff has failed to show that Brewer, in his capacity as warden of a different facility, has access to "facility wide J-Pay messages sent from [him] to JCF population concerning more phones being requested, denied and approved sent between May 1, 2015 and June 7, 2015," particularly when JPay is no longer a third party vendor to the MDOC, and Plaintiff's motion to compel a response to this request is **DENIED**.

        D.      **Requests for Admission**

Plaintiff argues that Brewer should be compelled to "fully answer" request for admission nos. 1, 2, 5-11, 13, 14, and 20-23. (DE 80 at 7-9.) He states that all of Brewer's responses "were identical in claiming 'Defendant lacks requisite knowledge to formulate a belief,'" and he contends that such responses are "knowingly false and willful refusals to comply with discovery requests." (*Id.* at 8.) He further broadly contends that the "purpose" of his requests for admission is to "establish 1) Plaintiff did not receive any Due Process for the thank you card; 2) Plaintiff did not receive any Due Process on the possession of letter allegations; [and,] 3) There is no love letter or complaint of sexual harassment by any staff." (*Id.* at 3.) However, as above, Plaintiff does not more specifically address each

response to each request for admission. Again, motions to compel discovery are not the appropriate vehicle for proving the falsity of a response. Nor are discovery requests a means of trying the whole case.

The Court finds that Brewer has sufficiently responded to Request for Admission Nos. 1 and 5. The Court thus **DENIES** Plaintiff's motion to compel with respect to those requests.

The Court finds that Brewer's responses to Request for Admission Nos. 2, 6-11, 13, 14 and 20-23 are insufficient. Brewer asserted the following identical response to each of those requests:

> Defendant neither admits nor denies as he lacks the requisite knowledge to formulate a belief. To the extent that a response is necessary, the request is denied, and Plaintiff is left to his proofs.

(See DE 80 at 35-38.) That response is not an admission, denial, or a statement "stat[ing] in detail why the answering party [could not] truthfully admit or deny it," as required by Rule 36. Fed. R. Civ. P. 36(a)(4). A party responding to a request for admission may not "hedge his bets" or simply state that he lacks information or knowledge regarding the matter in question. Rather, Rule 36 states that:

> If a matter is not admitted, the answer must *specifically* deny it *or* state *in detail* why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must *specify* the part admitted and qualify or deny the rest.

14

Fed. R. Civ. P. 36(a)(4) (emphases added).  Here, Defendant responds *both* that he lacks knowledge and yet also somehow manages to deny the requests.  He cannot have it both ways.  If he truly lacks the information necessary, he cannot have a good faith basis for denying the requests.

Further, if a party asserts his lack of knowledge or information as a basis for failing to admit or deny a response, he must state in good faith that he has made a reasonable inquiry and that the information known or readily obtainable is insufficient to enable him to admit or deny.  Fed. R. Civ. P. 36(a)(4) ("The answering party may assert lack of knowledge or information as a reason for failing to admit or deny *only if* the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.") (emphasis added).  "Generally, courts are in agreement that a 'reasonable inquiry' is limited to review and inquiry of those persons and documents that are within the responding party's control." *Lieber v. Wells Fargo Bank, N.A.*, No. 1:16 CV 2868, 2017 WL 3923128, at *3 (N.D. Ohio Sept. 7, 2017) (citing cases).  "A '[r]easonable inquiry includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, … who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response.  In this connection, relevant documents and regulations must be reviewed as well.'" *Id.* (citation omitted).

15

Brewer must therefore supplement his responses to Request for Admission Nos. 2, 6-11, 13, 14 and 20-23 by **March 27, 2019**, consistent with the above cited law. And specifically, as to Request Nos. 20-22, it appears that Brewer can make a reasonable inquiry to obtain the information necessary to enable him to admit or deny those requests.

**IV. Conclusion**

In sum, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to compel as follows:

Plaintiff's motion to compel is **DENIED** as to **Interrogatory No. 1**, **Request for Production Nos. 4** (but providing payment information) **6**, and **7**, and **Request for Admission Nos. 1** and **5**.

Defendant must supplement and/or amend his responses to the following discovery requests by **March 27, 2019**, as more fully set forth herein above: **Interrogatory Nos. 2** and **3**, **Request for Production No. 5,** and **Request for Admission Nos. 2, 6-11, 13, 14**, and **20-23**.

**IT IS SO ORDERED.**

Dated: March 8, 2019     s/*Anthony P. Patti*
                          Anthony P. Patti
                          UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on March 8, 2019, electronically and/or by U.S. Mail.

s/Michael Williams  
Case Manager for the  
Honorable Anthony P. Patti