UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN RODEN,

        Plaintiff

v.

MICHELLE FLOYD,
RICHARD CADY, SHAWN
BREWER, and JAMES ROTH,

        Defendants.

Case No. 2:16-CV-11208
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO DROP UNSERVED DEFENDANT (JAMES ROTH) (DE 95)

This matter came before the Court for consideration of Plaintiff's May 15, 2019 motion to drop unserved Defendant (James Roth). (DE 95.) Plaintiff seeks an order to dismiss Defendant James Roth from this action so that it may proceed to trial. (*Id.*) This motion is unopposed and all remaining defendants have been served and appeared in this matter.

## I. Background

On September 5, 2018, this Court issued an order granting Plaintiff's unopposed motion to amend the complaint, treating DE 58 at Page ID 1047-1058 as Plaintiff's Amended Complaint, and directing the USMS to serve a summons and a copy of the Amended Complaint upon newly-added parties, Shawn Brewer

and James Roth. (DE 65 at 4.) Defendant Brewer was subsequently served and appeared on October 29, 2018 (DE 71), but Defendant Roth remains unserved, despite several attempts at service. (DEs 65, 68, 70, 93.) Accordingly, Plaintiff now asks this Court to dismiss Defendant Roth so this matter may proceed to trial. (DE 95 at 2.)

## II.    Standard

Federal Rule of Civil Procedure 21 provides, in relevant part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572-73 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time[.]'"); *see also Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) ("[W]e think that [Rule 21] is the one under which any action to eliminate" a single defendant should be taken). This rule applies where "no relief is demanded from one or more of the parties joined as defendants." *Letherer v. Alger Grp., LLC*, 328 F.3d 262, 267 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008). In exercising its discretion under Rule 21, the court must  consider prejudice to the nonmoving party. *See Arnold v. Heyns*, No. 13-14137, 2015 WL 1131767, at *4 (E.D. Mich.

Mar. 11, 2015) (explaining that "the question is whether the defendant would suffer 'plain legal prejudice' as a result of the dismissal").

## III.    Analysis and Order

Here, Plaintiff seeks to dismiss Defendant Roth, who remains unserved despite several attempts at service, so that this case may proceed to trial.  (DE 95 at 2.)  The Court finds that, based upon Plaintiff's representations, the considerations of fundamental fairness and judicial economy, and lack of prejudice to Defendants (as Defendants have not responded or otherwise opposed this motion), that Defendant James Roth should be dismissed.  Accordingly, Plaintiff's motion to drop unserved defendant (James Roth) (DE 95) is **GRANTED**.

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1). [1]

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(A), a United States Magistrate Judge is empowered to "hear and determine any pretrial matter pending before the court," subject to eight specifically delineated exceptions. *See* 28 U.S.C. § 636(b)(1)(A). The only motions that a magistrate judge is statutorily precluded from determining are: (1) motions for injunctive relief; (2) motions for judgment on the pleadings; (3) motions for summary judgment; (4) motions to dismiss or quash an indictment or information made by a defendant; (5) motions to suppress evidence in a criminal case; (6) motions to dismiss or permit maintenance of a class action; (7) motions to

Dated: May 31, 2019      s/*Anthony P. Patti*

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on May 31, 2019, electronically and/or by U.S. Mail.

s/Michael Williams

Case Manager for the
Honorable Anthony P. Patti

---

dismiss for failure to state a claim upon which relief can be granted; and (8) motions to involuntarily dismiss an action (pursuant to Rule 41). *Id.*; *see also* E.D. Mich. LR 7.1(e)(1)(A) (listing dispositive motions). Because Plaintiff's unopposed motion to voluntarily dismiss James Roth, pursuant to Rule 21, is not enumerated as an exception in 28 U.S.C. § 636(b)(1)(A), and involves a non-dispositive matter which does not put an end to the proceedings before the Court, an opinion and order is effective. *See Nucorp, Inc. v. Does*, No. 2:11-CV-15222, 2012 WL 12961115, at *4 n.1 (E.D. Mich. Oct. 18, 2012) ("There is no question that a magistrate judge has jurisdiction to hear and determine both a motion to quash a subpoena and a motion to sever misjoined defendants.") (citations omitted). However, to the extent the parties disagree, they may treat the Court's order on this motion as a report and recommendation and file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and Local Rule 72.1(d).