UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN RODEN,

        Plaintiff

v.

MICHELLE FLOYD,
RICHARD CADY, SHAWN
BREWER, and JAMES ROTH,

        Defendants.
_____/

Case No. 2:16-CV-11208
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

# ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION REQUESTING RECRUITMENT OF COUNSEL FOR INDIGENT PLAINTIFF (DE 94)

This matter is before the Court for consideration of Plaintiff Jonathan Roden's motion requesting recruitment of counsel for indigent plaintiff. (DE 94.) For the reasons that follow, Plaintiff's motion (DE 94) is **DENIED WITHOUT PREJUDICE** to renewal after all dispositive motions have been decided.

**I.    Background**

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, initially brought claims under 42 U.S.C. § 1983, alleging that Defendants Michelle Floyd (Deputy Warden), Richard Cady (Resident Unit Manager), and Beverly Haynes-Love (Corrections Officer) retaliated against him for filing grievances related to his tutoring of other prisoners and attending college classes, in violation of the First

and Fourteenth Amendments to the United States Constitution. (DE 1.) On March 15, 2018, the Court entered an Opinion and Order, adopting my Report and Recommendation, and granting in part and denying in part Defendants' motion for summary judgment. (DEs 52, 57.) Plaintiff's claims against Defendant Haynes-Love were dismissed with prejudice, and his First Amendment claims against Defendants Floyd and Cady are to proceed to trial. (*Id.*)

On September 5, 2018, the Court granted Plaintiff's unopposed motion to amend the complaint and ordered that DE 59 at Page ID 1047-1058 be treated as Plaintiff's Amended Complaint. (DE 65.) Plaintiff's Amended Complaint: (1) adds two defendants, Shawn Brewer (Warden) and James Roth (Inspector); (2) reasserts the retaliation claim under the First and Fourteenth Amendments against all Defendants; and (3) adds a second cause of action against all Defendants for "violation of the United States Constitution Eighth and Fourteenth Amendments and Michigan common law by civil conspiracy through concerted actions, manufacturing a false sexual harassment allegation." (DE 59.) On May 31, 2019, the Court entered an Order granting Plaintiff's motion to voluntarily dismiss unserved defendant James Roth. (DE 99.)

Plaintiff previously filed a motion for appointment of counsel in this case, which was denied without prejudice on April 14, 2017, subject to renewal if this case survives dispositive motion practice, proceeds to trial, or if other

2

circumstances demonstrate such a need in the future. (DE 35.) On April 25, 2019, Plaintiff filed the instant motion, again asking the Court to appoint counsel for him. (DE 94.) Plaintiff argues generally that his claims against Defendants Floyd and Cady were ordered to proceed to trial, he has been unable to retain counsel on his own, and he has made several unsuccessful attempts to settle this case. (*Id.*)

## II. Standard

As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to ***recruit counsel*** under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation omitted).

3

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004).[1] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

**III.  Analysis**

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

Applying the foregoing authority, Plaintiff has not described any circumstances to justify a request for appointment of counsel at this time. Although Plaintiff has survived summary judgment as to one of his claims against two defendants, Floyd and Cady, those two defendants have not yet filed a dispositive motion addressing the newly-added claim in Plaintiff's amended complaint and Defendant Brewer has not yet filed a dispositive motion as to either of the claims asserted against him. Accordingly, not all dispositive motions on the substantive issues in this matter have been decided. The Court will not seek counsel for Plaintiff until all dispositive motions, if any, have been decided, as was stated in the Court's initial order denying without prejudice the appointment of counsel (DE 35), or until after the new dispositive motion deadline, which is soon to be set, has passed in this matter, and any further dispositive motions have been decided.

Moreover, Plaintiff has on numerous occasions illustrated his ability to articulate his claims and adequately communicate his requests to the Court in a clear and well-organized manner, and with appropriate legal citation. He has completed extensive discovery in this matter and has successfully engaged in extensive motion practice in this Court, including dispositive motions. He also demonstrated impressive intelligence and articulateness in the recent settlement

5

conference. Finally, there is no indication that Plaintiff will be deprived of his physical liberty over and above his current sentence if he loses this civil case.

**IV. ORDER**

Accordingly, at this time, Plaintiff's motion for recruitment of counsel is **DENIED WITHOUT PREJUDICE.** (DE 94.) Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives all dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: June 4, 2019              s/*Anthony P. Patti*
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on June 4, 2019, electronically and/or by U.S. Mail.

                                              s/Michael Williams
                                              Case Manager for the
                                              Honorable Anthony P. Patti