UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN RODEN,

        Plaintiff

v.

MICHELLE FLOYD,
RICHARD CADY, SHAWN
BREWER, and JAMES ROTH,

        Defendants.
_____/

Case No. 2:16-CV-11208
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

## AMENDED ORDER GRANTING AS UNOPPOSED PLAINTIFF'S MOTION FOR SERVICE OF SUBPOENA ON NON-PARTY AGENT OF MDOC FOR PRODUCTION OF EMAILS (DE 92)

This matter came before the Court for consideration of Plaintiff's motion for service of subpoenas on non-party agent of MDOC for production of emails. (DE 92.) Plaintiff seeks an order directing the U.S. Marshals Service (USMS) to personally serve subpoenas on Julius Curling, or the current Michigan Department of Corrections Litigation Manager. (*Id.*) This motion is unopposed.

Plaintiff explains that on September 7, 2018, this Court issued an order directing the USMS to serve subpoenas on non-parties Melinda Bennett and J. Rohrig, seeking various emails, but that "these witnesses did not mail back their waiver of service forms." (*Id.* ¶ 2; DE 66.) Plaintiff then filed a motion for order directing the USMS to *personally* serve non-party witnesses and the MDOC

litigation manager. (DE 79.) This motion was granted in part as to non-party

MDOC employees Bennett and Rohrig, but denied without prejudice as to non-

party Julius Curling because Plaintiff failed to attach to his motion a copy of a

subpoena to Mr. Curling. (DE 84.)[1] Plaintiff now seeks to correct that error by

attaching the subpoenas to Julius Curling as well as the subpoenas to Bennett and

Rohrig, which he requests also be served on Curling. (DE 92 ¶¶ 6-7; *id.* at Pg ID

1305-1308.)

Plaintiff is proceeding *in forma pauperis*. Consequently, pursuant to 28

U.S.C. § 1915(d), "[t]he officers of the court shall issue and serve all process, and

perform all duties in such cases. Witnesses shall attend as in other cases, and the

same remedies shall be available as are provided for by law in other cases." 28

U.S.C. § 1915(d). This provision requires the USMS to serve an indigent party's

subpoena *duces tecum*, including by personal service. *See Modica v. Russell*, No.

2:15-cv-00057, 2015 WL 13653879, at *2 (E.D. Cal. Sept. 18, 2015) (a plaintiff

proceeding IFP is entitled to obtain personal service of an authorized subpoena by

the USMS because Fed. R. Civ. P. 45 requires a subpoena to be personally served);

*Biers v. Washington State Liquor & Cannabis Bd.*, No. C15-1518JLR, 2016 WL

7723977, at *1-2 (W.D. Wash. Apr. 21, 2016) (ordering personal service after

---

[1] The Court notes that the docket sheet does not reflect a return of service regarding the subpoenas issued to Bennett and Rohrig indicating that the subpoenas have been successfully served on them.

service by mail was not effective). A court, however, may exercise its discretion to screen such a subpoena request, relieving the USMS of its duty when appropriate. *See* 9A C. Wright & A. Miller, Federal Practice and Procedure § 2454, pp. 244-46 n.21 (3d ed. 2010) (citations omitted).

Here, upon review of Plaintiff's unopposed motion and the attached subpoenas, the Court finds no circumstances warranting an exception to the U.S. Marshals Service's statutory duty under § 1915(d) as to the subpoenas attached to Plaintiff's motion. Although the discovery deadline in this case has passed, as noted above, Plaintiff has been seeking service of these subpoenas since prior to the discovery cut-off date. Further, the Court notes that there was a "pause" in this litigation while the parties were pursuing settlement negotiations. Finally, the motion is unopposed. Because the subpoenas attached to Plaintiff's motion (at ECF 92, Pg ID 1305-1308) do not require the attendance of any witness, the fees for one day's attendance and the mileage allowed by law need not be tendered. *See* Fed. R. Civ. P. 45(b)(1).

Accordingly, Plaintiff's motion is **GRANTED** and the Court **DIRECTS** the USMS to **PERSONALLY** serve the subpoenas at ECF No. 92, Page IDs 1305-1308 at the addresses listed on the subpoenas as expeditiously as possible. The Court alternatively **DIRECTS** the USMS to serve the subpoenas at ECF No. 92, Page IDs 1305-1308 at the addresses listed on the subpoenas by standard, first

class U.S. Mail, pursuant to Fed. R. Civ. P. 4(e)(1) and M.C.R. 2.105(I)(1). By way of this Order, Michigan's Department of Attorney General, who represents the MDOC defendants in this action, is put on notice of these subpoenas. Costs of service by the USMS are waived.

Finally, if and/or when counsel is appointed for Plaintiff, to the extent service ordered herein is unsuccessful, Plaintiff's counsel shall be authorized to subpoena the documents sought in the subpoenas at ECF No. 92, Page IDs 1305-1308 at any time, through the conclusion of trial.

**IT IS SO ORDERED.**

Dated: June 10, 2019                    s/*Anthony P. Patti*
                                        Anthony P. Patti
                                        UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on June 10, 2019, electronically and/or by U.S. Mail.

                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable Anthony P. Patti