UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN RODEN,

        Plaintiff,                    Case No. 16-11208
                                          District Judge Victoria A. Roberts
v.                                       Magistrate Judge Anthony P. Patti

MICHELLE FLOYD, *et al.,*

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
## [ECF No. 106]

Before the Court is Jonathan Roden's ("Roden") motion for summary judgment. Roden brings a 42 U.S.C. § 1983 retaliation claim under the First and Fourteenth Amendments and seeks compensatory damages. He claims Defendants, employees of the Michigan Department of Corrections at G. Robert Cotton Correctional Facility, transferred him to a more restrictive correctional facility and removed him from Jackson College classes because of grievances he filed against them.

Because there are genuine issues of material fact in dispute, the Court **DENIES** Roden's motion for summary judgment.

1

## I. FACTUAL BACKGROUND

During the relevant time period, Roden was imprisoned at the G. Robert Cotton Correctional Facility ("JCF"). At JCF, inmates can attend Jackson College and earn credits towards an associate degree as part of the "Pathways from Prison to Post-Secondary Education Initiative."

Roden enrolled and paid for classes in January 2015. He intended to complete the program and graduate in the summer of 2016. Roden became a GED tutor in May 2015 and later became an academic tutor while attending classes at night.

Roden filed numerous grievances during this time. Specifically, Roden filed a grievance in June 2015 against Defendant Deputy Warden Floyd and JCF correctional officer Beverly Haynes-Love – who is no longer a party to this action – after Haynes-Love prevented him from attending one of his classes. Roden alleges that in retaliation Defendant Floyd threatened to transfer him for writing the grievance.

In July 2015, Roden was named to the Dean's List, but could not attend the awards ceremony. Roden says juice and cookies were served at the ceremony. After the ceremony, he sent a handwritten note to Floyd that stated: "Thank you for your encouragement and support! But you all could

have saved me some cookies. Y'all ate <u>all</u> the cookies." [ECF No. 59, PageID.1052] (emphasis in original).

Defendant Floyd considered this handwritten note inappropriate and requested that Roden be transferred to another facility and terminated from his tutor jobs. Defendant Brewer – a new party to this action – agreed that Roden's behavior presented a safety concern and that he could not remain at JCF. Roden claims Defendant Floyd emailed JCF's transfer coordinator to facilitate his transfer.

Roden says he was terminated without explanation from his work detail on July 31, 2015. He filed a grievance for "improper termination" on August 11, 2015. Roden filed another grievance in August 2015, alleging a correctional officer improperly confiscated his schoolwork. He says during a hearing about a misconduct ticket, he asked Defendant Cady to recuse himself because of Roden's past grievances against him. Roden says Defendant Cady refused and responded, "As to your grievance[,] who cares, you won't be here long enough to write another grievance, request denied." [ECF No. 48, PageID.843].

Roden claims that on August 13, 2015, the grievance coordinator contacted Defendant Floyd to inform her that Roden filed another grievance that initiated another series of emails in which Floyd reiterated her desire to

3

transfer Roden. His transfer was approved that same day. According to Roden, on August 24, 2015, Defendant Richard Cady, the Resident Unit Manager instructed that the security classification be completed for Roden's transfer. Roden was told he was being transferred on August 26, 2015 and was ultimately transferred on August 27, 2015. The Jackson College program director testified that Roden was dropped from the program after he was transferred.

On August 28, 2015, Roden submitted a grievance, alleging he was transferred in retaliation for filing grievances. He claims that, because he filed these grievances, Defendants transferred him from JCF and removed him from the Jackson College program, which in turn caused him to lose paid tuition and deprived him of the opportunity to earn his degree.

## II. RELEVANT PROCEDURAL BACKGROUND

Roden filed his complaint and application to proceed *in forma pauperis* on April 4, 2016 in the Western District of Michigan. The Court granted his application and transferred the case to this district. On September 14, 2016, Defendants filed their first motion for summary judgment. Roden opposed the motion, invoked Fed. R. Civ. P. 56(d), and provided an affidavit saying he needed discovery in order to respond to Defendants' motion. The Magistrate Judge granted Roden's motion to compel in part, and ordered

4

Defendants provide certain documents to Roden and supplement a response to an interrogatory. Also, the Magistrate Judge entered a Report and Recommendation to deny Defendants' motion for summary judgment without prejudice, allowing Defendants to refile after they complied with the Court's discovery order. The Court adopted the Magistrate Judge's Report and Recommendation.

On July 18, 2017, Defendants filed their second motion for summary judgement. There, Defendants alleged, among other things, that Roden failed to exhaust his administrative remedies. The Magistrate Judge entered a Report and Recommendation granting in part and denying in part Defendants second motion for summary judgment. The Court adopted the Report and Recommendation on March 15, 2018.

The Court has already made the following relevant findings:

1. Roden exhausted his administrative remedies as to his retaliation claims against Defendants through Grievance JCF-2015-09-2308-28C. As such, the Court found Roden has established the first element of his claim of retaliation under the First Amendment – that he was engaged in protected conduct. [ECF No. 52, PageID.946].
2. There is a genuine issue of fact as to whether Roden suffered an adverse action. A reasonable trier of fact could conclude that

Defendants' transfer of Plaintiff from JCF and his removal from the Jackson College program were in retaliation for filing grievances, caused "more than a de minimus injury," and resulted in "more restrictions and fewer privileges." As such, the actions could deter a prisoner of ordinary firmness from continuing to engage in the protected conduct. [ECF No. 52, PageID.953-954].

3. A trier of fact could conclude that Defendant Floyd's request that Roden be transferred "set in motion" the transfer, and the transfer can be attributed to her, although she did not have the ultimate authority to complete the transfer. [ECF No. 52, PageID.956].

4. There is a genuine issue of fact as to whether Defendants would have taken the actions to have Roden transferred absent his grievances. Specifically, there is an issue of fact as to whether Roden's handwritten note could be deemed inappropriate and presented a security threat requiring an immediate transfer and removal from participation in the Jackson College program.

5. There is a genuine issue of fact regarding whether Defendants Floyd and Cady violated Roden's First Amendment right against retaliation and whether Defendants Floyd and Cady should enjoy qualified immunity.

Roden filed an amended complaint on May 7, 2018, adding JCF Warden Shawn Brewer as a defendant.

### III. LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

The moving party has the initial burden to show "the absence of a genuine issue of material fact." *Id.* at 323. Once the movant meets this burden, the non-moving party must demonstrate specific facts "showing there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (internal quotations and citations omitted). To demonstrate a genuine issue for trial, the non-moving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Anderson,* 477 U.S. at 252. The Court must accept the non-movant's evidence as true and draw all "justifiable inferences" in the non-movant's favor. *See Anderson,* 477 U.S. at 255.

## IV. ANALYSIS

To make a First Amendment retaliation claim, a plaintiff must establish three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between the first two elements – that the adverse action was motivated by the plaintiff's engagement in protected conduct. *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir. 1999).

Once a plaintiff establishes these elements, the burden shifts to the defendant "to prove by a preponderance of the evidence that the employment decision would have been the same absent the protected conduct." *Eckerman v. Tenn. Dept. of Safety,* 636 F.3d 202, 208 (6th Cir. 2010) (citing *Sowards v. Loudon Cnty,* 203 F.3d 426, 431 (6th Cir. 2000)).

Roden identifies two questions for trial that he says are not in dispute: (1) whether his termination from two tutor jobs, removal from the Jackson College program and transfer to another correctional facility were adverse actions; and (2) whether Defendants' claim that they transferred Roden because the handwritten note he sent to Defendant Floyd was a security threat is pretext for retaliation.

8

Defendants say the Court must deny Roden's motion because he fails to present undisputed facts which meet all of the elements of his retaliation claims. The Court agrees.

1. **Protected Conduct**

The Sixth Circuit holds "[a]n inmate has an undisputed First Amendment right to file [non-frivolous] grievances against prison officials on his own behalf." *Herron v. Harrison,* 203 F.3d 410, 415 (6th Cir. 2000).

Because the Court has already found Roden exhausted his administrative remedies as to his retaliation claim through Grievance JCF-15-09-2308-28C, it will not address Defendants' argument that Roden's allegation that he filed grievances and therefore engaged in protected conduct is "an unsupported, conclusory allegation." [ECF No. 107, PageID.1464].

The Court finds there is no genuine issue of fact as to whether Roden engaged in protected conduct when he filed grievances against JCF employees.

2. **Adverse Action**

An adverse action is an action that would "deter a person of ordinary firmness from exercise of the right at stake." *Thaddeus-X v. Blatter,* 175 F.3d 378, 396 (6th Cir. 1999). Retaliation against a prisoner is "actionable if it is

9

capable of deterring a person of ordinary firmness from exercising his or her right to access the courts." *Id.* at 398.

Roden says the Court already found that there is a genuine issue of fact as to whether he suffered an adverse action under the facts and circumstances of this case. Specifically, the Court adopted the Magistrate Judge's Report and Recommendation and rejected Defendants' objections to the Magistrate Judge's finding that a jury could conclude that Roden's removal from the Jackson College program and the loss of his employment were foreseeable negative consequences that inextricably followed from Defendants' transfer of him. [ECF No. 57, PageID.1042].

Defendants correctly assert that: (1) Roden fails to offer any additional arguments to show there is no longer a genuine issue of material fact; and (2) Defendant Shawn Brewer was not a party to this action when the Court held there was a genuine issue of material fact, and Roden does not present any argument specific to him.

Because Roden fails to assert new evidence to establish there is no genuine issue of material fact, as to the second element, by a preponderance of the evidence, he is not entitled to judgment as a matter of law.

### 3. Causal Connection

The third element requires Roden to establish a causal connection between the protected conduct and adverse action. *Thaddeus-X,* 175 F.3d at 399. This element addresses whether the Defendants' subjective motivation for taking the adverse action was, at least in part, to retaliate against Roden for engaging in the protected conduct. *Id.*

The Court already found there is a genuine issue of fact as to Defendants Floyd and Cady. The only new argument Roden makes is specific to Defendant Shawn Brewer, who was added to this action after Defendants' second motion for summary judgment. Roden says the Court should find a causal link between his transfer and Brewer's actions because of emails dated August 13, 2015 between Brewer, Defendant Floyd, and two other JCF employees. Roden writes out, but does not attach as exhibits, the alleged emails in his brief, and they show Defendant Brewer agreed that Roden should not remain at JCF; he said "we are identifying some prisoners who are buying there [sic] way down here only to act up and think they have Teflon on we just need documentation that will stand grievance challenge." [ECF No. 106, PageID.1429].

Roden references additional emails sent to JCF's transfer coordinator, Bradley Haynie. He says those emails have not been provided but will be

available at trial. Because these emails are not in the record, the Court will not consider their merits. *See* Fed. R. Civ. P. 56(c)(3).

Defendants say this argument fails because, prior to being named as a Defendant, Brewer attested in his affidavit: "[i]n late July 2015, Roden sent an unauthorized communication to then Deputy Warden Michelle Floyd, which was brought to my attention. Due to the inappropriateness of the card, Deputy Warden Floyd requested that Roden be transferred out of JCF. I agreed with that request because Roden's demonstrated behavior presented a security and safety concern and he could not remain at JCF. [JCF Transfer Coordinator] was responsible for arranging the proposed transfer and on August 13, 2015, [JCF Employee] approved Roden's transfer back to his previous facility." [ECF No. 44-11, Page ID. 730].

Defendants say Defendant Floyd's request for Roden's transfer predates the August 15th email exchanges by "over two weeks." However, Defendant Brewer's affidavit does not include any dates other than July 2015 when Roden sent the handwritten note, and August 13, 2015, when a JCF employee approved Roden's transfer – the same date Roden alleges Brewer participated in an email exchange discussing his transfer.

The Court already found there is a question of fact as to whether: (1) Roden's handwritten note could be deemed inappropriate and to present a

security threat requiring an immediate transfer and removal from the Jackson College program; and (2) that Defendant Floyd's request to have Roden transferred "set in motion" the transfer even though she did not have the ultimate authority to transfer him. Similarly, because Brewer agreed that Roden should be transferred, a reasonable trier of fact could conclude that Brewer's action also set in motion Roden's transfer. The Court finds there is a genuine issue of material fact as to whether there is a causal connection between Brewer's actions and Roden's transfer.

## V. CONCLUSION

Roden fails to show there are no genuine issues of material fact. The Court **DENIES** his motion for summary judgment.

**IT IS ORDERED.**

Date: February 10, 2020            s/ Victoria A. Roberts
                                   Victoria A. Roberts
                                   United States District Judge

13